*Lorna G. Schofield*
UNITED STATES DISTRICT JUDGE

So Ordered.

Dated: March 20, 2024
New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
BOXOUT, LLC

                Plaintiff,

    v.

L'OREAL USA, INC.,

                Defendant.
------------------------------------------------------------- X

Case No. 1:23-cv-09627 (LGS)

**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

    1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

    2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

    3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is

relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Any party to this litigation and any third-party shall also have the right to designate as "Attorneys' Eyes Only" subject to this Order any information, documentation, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes' Only").

6. Material produced and marked as Attorneys' Eyes Only and the contents of such material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained for purposes of this action, provided they have signed a Non-Disclosure Agreement in the form attached hereto as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and court personnel;

   e. Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or things, or if the producing party consents to such disclosure;

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, members of a document review team, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided the

vendor's representative and/or each member of the document review team has signed a Non-Disclosure Agreement in the form attached hereto as Exhibit A, which counsel for the party retaining the vendor(s) shall be obligated to retain and make available to all other parties and/or their counsel upon request; and

7. With respect to depositions that involve a disclosure of Confidential Information or Attorneys' Eyes Only material of a party to this action, such party receiving the transcript shall notify all counsel by letter or other agreed-upon means upon such receipt and, if practicable, provide a copy thereof, and all other parties shall have until ten (10) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated as Confidential Information and/or for Attorneys' Eyes Only, which period may be extended by agreement of the parties. Upon being informed that certain portions of a deposition are to be designated as Confidential Information and/or for Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that portion of the transcript in accordance with Paragraphs 4 and 6.

8. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has

        enjoined the disclosure of the information or documents to any other person; and

    c.    Require each person identified in Paragraph 4(c) to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9.    The disclosure of a document or information without designating it as "CONFIDENTIAL" or "Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Information or for Attorneys' Eyes Only.  The inadvertent or unintentional disclosure of Confidential Information or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed, or as to any other material or information concerning the same or related subject matter. Within a reasonable time after such inadvertent or unintentional disclosure may be rectified by notifying counsel for all parties to whom the material was disclosed that the material should have been designated Confidential Information or Attorneys' Eyes Only. If so designated, the document or information shall thereafter be treated as Confidential Information or for Attorneys' Eyes Only subject to all the terms of this Stipulation and Order.

10.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and

defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    a.    For purposes of this section, an "Inadvertently Produced Document" is a document produced by a party in this litigation that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, the work-product protection, or other applicable privilege.

    b.    Inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind.

    c.    A producing party may demand the return of any Inadvertently Produced Document, which demand shall be made to the receiving party's counsel and shall contain information sufficient to identify the Inadvertently Produced Document. Within five (5) business days of the demand for the Inadvertently Produced Document, the producing party shall provide the receiving party with a privilege log for such document that is consistent

        with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the Inadvertently Produced Document. In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the producing party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the producing party believes is subject to a claim of privilege.

    d.    Upon receipt of a written demand for return of an Inadvertently Produced Document, the receiving party shall immediately return the Inadvertently Produced Document (and any copies thereof) to the producing party and shall immediately delete all electronic versions of the document.

    e.    The receiving party may object to the producing party's designation of an Inadvertently Produced Document by providing written notice of such objection within five (5) business days of its receipt of a written demand for the return of an Inadvertently Produced Document. Any such objection shall be resolved by the Court after an in camera review of the Inadvertently Produced Document. Pending resolution of the matter by the Court, the parties shall not use the documents that are claimed to be Inadvertently Produced Documents in this litigation.

12.    Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. Documents may be filed under seal only as provided in the Court's Individual Rules and Procedures for Civil Case, Rule I.D.3.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

15. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

**SO STIPULATED AND AGREED.**

Dated: March 19, 2024
       New York, New York

*/s/ James A. Slater*          */s/ Peter G. Siachos*
Counsel for Plaintiff          Counsel for Defendant

                               SO ORDERED.


                               _____
                               LORNA G. SCHOFIELD
                               United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
BOXOUT, LLC                                         :
                                                    :
                               Plaintiff,           :
                                                    :   Case No. 1:23-cv-09627 (LGS)
              v.                                    :
                                                    :   **NON-DISCLOSURE**
L'OREAL USA, INC.,                                  :   **AGREEMENT**
                                                    :
                               Defendant.           :
---------------------------------------------------------------- X

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____, 20___

_____        _____
Name (printed)                          Signature